UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02692

**Cortez Pina,**
*Petitioner,*
v.
**Collins, et al.,**
*Respondents.*

## ORDER

Erik Eduardo Cortez Pina is a native and citizen of Mexico currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1226(a). He filed a petition for writ of habeas corpus demanding his immediate release or an individualized bond hearing. Because his detention is lawful, his petition is denied.

## BACKGROUND

Petitioner last entered the United States on or about March 31, 2022, with a B2 visitor visa. Petitioner was authorized to remain in the United States until December 17, 2022. Petitioner overstayed. Petitioner was encountered by immigration authorities on September 12, 2026, following his arrest for a hit and run collision involving death and assault causing bodily injury of a family member. Petitioner is currently detained at the T. Don Hutto Detention Center in Taylor, Texas. On October 22, 2026, Petitioner, through counsel, submitted a request for a bond hearing. He was subsequently scheduled for a custody redetermination hearing on November 2, 2026.

On September 24, 2026, Petitioner filed a petition for writ of habeas corpus *pro se* contesting his detention and seeking

immediate release or an individualized bond hearing. Petitioner did not pay the filing fee. The Court denied Petitioner's petition without prejudice to refiling with the required filing fee or a motion to proceed *in forma pauperis*. Petitioner filed an amended petition for writ of habeas corpus requesting immediate release or an individualized bond hearing and paid the filing fee. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the

facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts several reasons why his pre-removal detention is unlawful including (1) procedural and substantive due process, (2) the Immigration and Nationality Act ("INA"), and (3) the Administrative Procedure Act ("APA"). Because Petitioner proceeds *pro se* the Court liberally construes his arguments as challenges to his detention under section 1226(a). His arguments, however, fail.

Petitioner is properly detained under section 1226(a) as an alien who overstayed his visa. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 505 (5th Cir. 2026). Petitioner is therefore entitled to a bond hearing. *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018). Petitioner alleges he is entitled to release because he has not received a bond hearing. Not so. Petitioner requested a bond hearing, and the immigration court scheduled him for a bond hearing. The INA thus does not require Petitioner's release.

The parties have not informed the Court what happened at the bond hearing, but even if bond was denied, habeas relief is not proper because Petitioner must first exhaust his administrative remedies. A person seeking habeas relief must first exhaust all available administrative remedies. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (per curiam). This means that Petitioner must first ask the Board of Immigration Appeals to review the asserted legal and factual errors with the Immigration Court's bond determination. *See generally* 8 C.F.R. §§ 1003.19, 1236.1. Such a request would not be futile since the holding in *Matter of Yajure Hurtado*, did not address

aliens held under section 1226(a). 29 I. & N. Dec. 216 (BIA 2025). Petitioner has not done so.

Due process also does not require Petitioner's release. "[D]ue process does not entitle [Petitioner] to additional proceedings beyond what Congress has provided[,]" and an alien "ha[s] no substantive due process right to freedom from custody pending removal proceedings[.]" *Rodriguez v. Vergara*, __ F.4th __, 2026 WL 3181188, at *5, 12 (5th Cir. Oct. 23, 2026) (en banc). Here, Petitioner received a bond hearing and so has been provided the process Congress provided—he is entitled to nothing more. To the extent Petitioner argues that his detention nonetheless violates due process because it is prolonged or indefinite, that argument fails too. "So long as an alien's detention pending removal has a definite termination point—removal or release—his or her continued confinement . . . does not offend due process." *Id.* at *13 (cleaned up). Here, "removal remains a viable prospect," so "continued detention . . . does not violate due process." *Id.* The Due Process Clause therefore does not require granting the writ.

Petitioner's APA argument fares no better for the reasons set forth in Part III of this Court's decision in *Tapia v. Mullin*, 834 F. Supp. 3d 718 (W.D. Tex. 2026). APA relief is available only when "'there is *no other adequate remedy* in a court[.]'" *Id.* at 726 (quoting 5 U.S.C. § 704). Petitioner's APA claim thus fails because, "[b]y requesting habeas relief[,] . . . Petitioner admits that an adequate remedy exists outside of the APA." *Id.*

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on November 11, 2026.*

ANDREW DAVIS
United States District Judge